UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>          Plaintiff,<br><br>     v.<br><br>R. DIAZ, et al.,<br><br>          Defendants. | Case No. 1:22-cv-00006-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF No. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

John Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the complaint commencing this action on December 27, 2021.[1] (ECF No. 1). Plaintiff's complaint is currently before this Court for screening. Thus, at this time, the Court has not found that any claims should proceed past screening.

On February 14, 2022, Plaintiff filed a motion for an order under the All Writs Act. (ECF No. 7). On March 1, 2022, the Warden of Kern Valley State Prison filed a response. (ECF No. 11).

For the reasons described below, the Court will recommend that Plaintiff's motion for an order under the All Writs Act be denied.

---

[1] Plaintiff did not pay the filing fee until February 1, 2022.

1

## I. LEGAL STANDARDS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## II. PLAINTIFF'S MOTION

Plaintiff alleges that he is being held at Kern Valley State Prison ("KVSP") in Administrative Segregation #1 ("ASU 1"), despite the fact that he already appeared for his state court case. He is waiting for someone to schedule him for the four-hour van ride back to CSP-Sacramento, where he resides. Plaintiff has repeatedly been transferred to KVSP because of a state court case. After each drive, he is placed in ASU 1 for up to two weeks. While confined, he receives no mental health therapy, despite being an E.O.P, which is a violation of Armstrong v. Newsom. Almost all other inmates that come to KVSP to attend court are put in a van within

2

1   seventy-two hours and returned back to their institution of confinement.  However, Plaintiff's

2   transfer is delayed, and he is being confined in Ad-Seg for twenty-four hours a day.  Plaintiff is

3   confined in Ad-Seg because Correctional Officer Pompa has a "Staff Keep Away" from Plaintiff.

4         Moreover, Plaintiff was previously attacked at KVSP, and on November 14, 2021,

5   Correctional Officer Pompa, who previously beat Plaintiff, threatened Plaintiff, despite having a

6   Staff Keep Away.  Plaintiff believes that officers at KVSP are going to use other inmates to attack

7   him (Plaintiff is one of the Plaintiff's in Armstrong v. Newsom, and a law firm completed a

8   declaration from Plaintiff that was used to support the order mandating that KVSP officers have

9   to wear cameras.  This has made Plaintiff a target).

10        Plaintiff asks for an order directed at the Warden of KVSP to transfer Plaintiff back to

11  CSP-Sacramento within twenty-four hours if there is no legitimate penological purpose to hold

12  Plaintiff and/or if there is no court date within seven days of his last court date.

13  **III.   WARDEN'S RESPONSE**

14        The Warden argues that the All Writs Act does not apply here because Plaintiff fails to

15  demonstrate that housing him at Kern Valley State Prison has impeded his ability to litigate this

16  matter, "and the fact that he is able to file this motion demonstrates that he is able to adequately

17  litigate this matter." (ECF No. 11, p. 3).

18        Moreover, Kern Valley State Prison had a legitimate reason for holding Plaintiff.  Due to

19  COVID-19, inmates are screened for COVID-19 and given a rapid COVID-19 test before being

20  sent back to their original institution.  "It can take three-to-five days to obtain results from a

21  COVID-19 PCR test.  In order to make sure that the test results are received prior to transport,

22  inmates are scheduled to be transported five days from the date of the most recent COVID-19

23  PCR test." (Id. at 4) (citation omitted).  Thus, while Plaintiff was not immediately transferred

24  back to CSP-Sacramento, it was because the institution was waiting on the results of a COVID-19

25  test, and the institution has a legitimate interest in preventing the spread of COVID-19.

26        Additionally, "available staffing levels at the California Department of Corrections and

27  Rehabilitation (CDCR) in February 2022 do not permit each inmate to be transported back to

28  their original institution within twenty-fours of a court appearance." (Id. at 4).  If there were such

1    a requirement, the CDCR would have to re-direct staff from more essential functions.  Thus,
2    Plaintiff's request for an order directing that he be transported back to CSP-Sacramento within
3    twenty-four hours "could adversely impact [a] legitimate correctional interest."  (Id. at 4).
4         As to Plaintiff's allegation that he is not being provided with mental health treatment in
5    violation of Coleman v. Newsom,[2] the proper remedy is in the Coleman class action, not in this
6    case.  Moreover, Plaintiff has been provided with mental health treatment, and as the Staff
7    Separation Notice has been lifted, Plaintiff will likely be housed in Enhanced Outpatient Program
8    housing during his next court appearance (unless a documented enemy appears at Kern Valley
9    State Prison).
10        Finally, the Warden argues that Plaintiff fails to demonstrate either an exigent
11   circumstance or a clear violation of his rights.  Plaintiff has been provided with mental health care
12   and will likely be housed in Enhanced Outpatient Program housing during his next court
13   appearance.  Correctional Officer Pompa denies threatening Plaintiff on November 14, 2021.
14   And, Plaintiff provides no specific information regarding his allegation that correctional staff are
15   attempting to set him up for an attack by inmates.

16   **IV.   ANALYSIS**

17        The Court recommends denying Plaintiff's motion.  "[I]njunctive relief under the All
18   Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown,
19   533 U.S. at 1303 (citation and internal quotation marks omitted), and Plaintiff has failed to show
20   that such circumstances exist here.
21        Plaintiff's complaint is currently awaiting screening.  The Court has not yet allowed any
22   claims to proceed past screening, and Plaintiff does not have any court-ordered deadlines.  Any
23   delay resulting from Plaintiff's retention in ASU will not affect any immediate deadlines in this
24   case.
25        Moreover, any delay in returning Plaintiff to his institution of confinement appears
26   temporary and related to legitimate safety concerns.  The CDCR has submitted evidence that the
27   delay is due to the need for COVID-19 testing, and the lack of resources to transfer inmates

28   _____
     [2] The Warden notes that the correct class action is Coleman v. Newsom, not Armstrong v. Newsom.

immediately and individually.  While Plaintiff alleges that "almost all" other inmates are returned to their institution within seventy-two hours after their hearing, this is conclusory, and Plaintiff has not submitted sufficient evidence to support this allegation.  Moreover, the Court does not find sufficient evidence to conclude that Plaintiff's institution is holding Plaintiff to retaliate against his litigation or to interfere with this lawsuit.

As to the threat that Correctional Officer Pompa allegedly made, Plaintiff does not allege what the threat was.  Moreover, the threat occurred on November 14, 2021, which was about three months before Plaintiff filed his motion and before Plaintiff filed this action.  Plaintiff does not explain how the threat interfered with this action.  As to Plaintiff's allegation that officers are going to use inmates to attack him, this is conclusory, and Plaintiff does not sufficiently support this assertion with evidence.

The Court notes that if Plaintiff needs additional time to meet a court deadline, he can file a motion for an extension of time.  And if Plaintiff believes that his constitutional rights are being violated, he may file a separate action or a motion for leave to file a supplemental complaint in this action (if he believes the violation(s) are sufficiently related to the claims in this case).

**V.     RECOMMENDATIONS AND ORDER**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order under the All Writs Act (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party[3] may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

---

[3] The Warden has permission file objections and a reply to Plaintiff's objections.

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**March 7, 2022**__                    /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE