UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>   Plaintiff,<br><br>   v.<br><br>R. DIAZ, et al.,<br><br>   Defendants. | Case No. 1:22-cv-00006-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION AND/OR FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 18) |

John Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action.

On March 21, 2022, Plaintiff filed a motion for alternative dispute resolution and/or for appointment of pro bono counsel to represent him during the alternative dispute resolution process (with the option of retaining counsel to represent him in the case if no resolution is reached). (ECF No. 18). Plaintiff asks that this case be referred to alternative dispute resolution, and/or for appointment of pro bono counsel, because his mental state is fragile; because he suffered retaliation while he litigated his civil rights claims and after he litigated his civil rights claims; and because Plaintiff's civil rights are being violated repeatedly, and in the same way. Plaintiff tried to contact the University of the Pacific, McGeorge School of Law Mediation Clinic, but Plaintiff believes they never received his letters.

As to Plaintiff's request for this case be referred to alternative dispute resolution, this case

1

1 | is still at the screening stage. No defendants have been served. Accordingly, the Court will not
2 | refer this case to alternative dispute resolution at this time.

3 | As to Plaintiff's request for appointment of pro bono counsel, Plaintiff does not have a
4 | constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525
5 | (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court
6 | cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v.
7 | United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
8 | However, in certain exceptional circumstances the Court may request the voluntary assistance of
9 | counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

10 | Without a reasonable method of securing and compensating counsel, the Court will seek
11 | volunteer counsel only in the most serious and exceptional cases. In determining whether
12 | "exceptional circumstances exist, a district court must evaluate both the likelihood of success of
13 | the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
14 | complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

15 | The Court will not order appointment of pro bono counsel at this time. The Court has
16 | reviewed the record in this case, and at this time the Court is unable to make a determination that
17 | Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can
18 | adequately articulate his claims.

19 | Plaintiff is advised that he is not precluded from renewing his motion for appointment of
20 | pro bono counsel at a later stage of the proceedings.

21 | For the foregoing reasons, IT IS ORDERED that:
22 |     1. Plaintiff's request for this case be referred to alternative dispute resolution is
23 |        DENIED; and
24 | \\\
25 | \\\
26 | \\\
27 | \\\
28 | \\\

    2. Plaintiff's request for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**March 23, 2022**__        /s/ *Erica P. Grosjean*
                                                   UNITED STATES MAGISTRATE JUDGE