UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>R. DIAZ, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00006-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S SECOND MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF No. 20)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO PLAINTIFF AT CSP SACRAMENTO |

John Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the complaint commencing this action on December 27, 2021.[1] (ECF No. 1).

On May 2, 2022, Plaintiff filed a second motion for an order under the All Writs Act. (ECF No. 20). For the reasons described below, the Court will recommend that Plaintiff's motion denied.

**I.    LEGAL STANDARDS**

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.

---

[1] Plaintiff did not pay the filing fee until February 1, 2022.

1

§ 1651(a).  "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice."  United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action."  Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019).  See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel).  However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear."  Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## II.   PLAINTIFF'S MOTION

Plaintiff alleges that all of his legal property pertaining to three separate cases, except a copy of the complaint in this case, was packed on January 31, 2022, because Plaintiff was to be transported to Kern Valley State Prison.  His property remained at California State Prison, Sacramento ("CSP Sacramento"), and on March 28, 2022, Plaintiff returned there.  However, prison staff are intentionally withholding Plaintiff's legal property.  On April 5, 2022, he told the classification committee that his legal property was being withheld and that he needed it, and he was told that he would get it.  On or about April 25, 2022, Plaintiff spoke with a deputy attorney general, and informed her that Plaintiff could not litigate his claims without his legal files.  The deputy attorney general told Plaintiff she would contact "litigations" at CSP Sacramento to have Plaintiff's property found.  However, Plaintiff still has not received his property.

Plaintiff alleges that he wants to file an amended complaint in this case, but the lack of access to his legal property is preventing it.

### III. ANALYSIS

The Court recommends denying Plaintiff's motion. "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation marks omitted), and Plaintiff has failed to show that such circumstances exist here.

First, Plaintiff spoke to a deputy attorney general, and that deputy attorney general told Plaintiff that she would have Plaintiff's property found. This occurred on or around April 25, 2022. Plaintiff's motion is dated April 28, 2022. Thus, Plaintiff may be able to resolve this issue without a court order under the All Writs Act, but Plaintiff only waited approximately three days before filing this motion.

Second, Plaintiff alleges that he needs his legal property in order to litigate this case "and/or" to amend his complaint. However, Plaintiff appears to state that he was allowed to keep a copy of the complaint in this case, and he has not identified any legal property that is being withheld that he needs in order to file an amended complaint or to otherwise litigate this action. Plaintiff has thus not sufficiently shown that prison officials are impeding his ability to litigate this action.

The Court notes that if Plaintiff believes that prison officials are impeding his ability to litigate his other pending actions, Plaintiff may file appropriate motion(s) in those actions.

### IV. RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order under the All Writs Act (ECF No. 20) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

   Additionally, IT IS ORDERED that the Clerk of Court is directed to send a copy of these findings and recommendations to Plaintiff at California State Prison, Sacramento, P.O. Box 290066, Represa, CA 95671.[2]

IT IS SO ORDERED.

  Dated: **May 4, 2022**      /s/ Erica P. Grosjean
                UNITED STATES MAGISTRATE JUDGE

---

[2] According to the docket, Plaintiff is confined at Kern Valley State Prison. According to the address on Plaintiff's motion, Plaintiff is confined at California State Prison, Sacramento. While the Court is sending a copy of this motion to Plaintiff at California State Prison, Sacramento, the Court notes that it is Plaintiff's responsibility to keep the Court notified of his current address.