**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>  Plaintiff,<br><br>  v.<br><br>R. DIAZ, et al.,<br><br>  Defendants. | Case No. 1:22-cv-00006-JLT-EPG (PC)<br><br>ORDER ADOPTING IN FULL THE SCREENING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 24 & 27) |

The magistrate judge entered screening findings and recommendations, recommending that the case proceed on Mitchell's First Amendment Free Exercise claim against Defendant Rodriguez. (Doc. 27 at 14-15). The magistrate judge recommended dismissing Mitchell's claim against Rodriguez for retaliation in violation of the First Amendment and dismissing his claim against Defendants Stanley and Rodriguez for deprivation of his religious property in violation of his Fourteenth Amendment due process rights for failure to state a claim. (*Id.*) The magistrate judge recommended that all other claims be dismissed without prejudice because they were unrelated. (*Id.*)

According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court **ADOPTS IN FULL** the findings and recommendations.

Mitchell raises numerous objections. (Doc. 28) Mitchell objects to the finding that his

1

complaint does not sufficiently plead the connection between the protected conduct and adverse action for his retaliation claim. (Doc. 28 at 2.) The magistrate judge found the complaint did not contain facts to suggest that Rodriguez's withholding of Mitchell's silver chain and medallion was *because of* Mitchell having filed a 602 staff complaint against Rodriguez or having filed a motion in his then-pending district court case reporting the conduct. (Doc. 27 at 12-13.) The findings and recommendations note that the complaint contains no allegations suggesting a causal connection and it does not allege Rodriguez was even aware of Mitchell's complaints. (*Id.*) Mitchell argues, however, that the "timing and or sequence of events" suggests a causal connection. (Doc. 28 at 2.)

      According to Mitchell's amended complaint, on September 28, 2019, Mitchell requested filings from his then-pending district court litigation, which Rodriguez refused to provide. (Doc. 24 at 4.) On October 10, 2019, Mitchell submitted a 602 staff complaint against Rodriguez and a motion in his district court case reporting Rodriguez's failure to provide the district court filings. (*Id.*) Approximately three weeks later, Rodriguez engaged in the alleged retaliatory conduct by refusing to give Mitchell his religious chain and medallion. (*Id.*) Mitchell alleges that Rodriguez said "602 it," when he refused to give Michell his religious property. (*Id.*) Although timing and sequence of events "can properly be considered as circumstantial evidence of retaliatory intent," suspect timing alone does not suffice to plead a retaliation claim when a substantial gap exists between the protected conduct and retaliatory action. *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995); *see also Williams v. Botich*, 2010 WL 11534578, at *7 (C.D. Cal. Sep. 3, 2010), *R&R adopted*, 2010 WL 11537529 (C.D. Cal., Sep. 24, 2010), *aff'd*, 459 Fed. App'x 620 (9th Cir. 2011). However, close temporal proximity may sufficiently imply a causal link. *Compare Norwood v. Robinson*, 2012 WL 6628894, at *2 (E.D. Cal. Dec. 19, 2012) (finding three weeks between filing a grievance complaint and the confiscation of plaintiff's property sufficient to infer causation); *with Lewis v. Wagner*, 2016 WL 11281165, at *8 (S.D. Cal. June 7, 2016) (finding retaliation claim insufficiently pled where plaintiff's only causal link was that the adverse action occurred "a little more than a month" after his First Amendment conduct).

      Three weeks passed between Mitchell's filing of his 602 staff complaint and his motion in

2

1    the pending district court. The three-week gap somewhat thinly implies a retaliatory connection.
2    On the other hand, Mitchell's additional allegation that Rodriguez mentioned filing a 602
3    complaint while withholding the religious property adds little. The 602 process is the proper
4    course for an inmate who objects to a correctional officer's conduct. Referring Mitchell to this
5    process—without any showing Rodriguez was aware of the prior complaint—as evidence of
6    retaliation goes too far.
7        Unlike in *Willard v. Sebok*, 2014 WL 12966930, at 6 (C.D. Cal. Feb. 6, 2014), Rodriguez
8    mentioned the 602 procedures rather than mentioning any particular grievance submitted by any
9    inmate. Taking the facts in the light most favorable to Mitchell and accepting reasonable factual
10   inferences from his allegations, the Court finds insufficient allegations to plead a First
11   Amendment retaliation claim.
12       Mitchell objects also to the dismissal of claim eight, in which he alleges Defendants
13   Gonzalez and Leyva retaliated against Mitchell by making him remove the word "retaliation"
14   from his staff grievances and complaints, including a complaint against Rodriguez following the
15   withholding of his religious property. (Doc. 28 at 2-3.) The magistrate judge recommended
16   dismissing this claim as unrelated and as improper joinder of parties under Federal Rules of Civil
17   Procedure 18 and 20. (Doc. 27 at 8-9.) Mitchell objects and argues that the claims are directly
18   related to claim one because Gonzalez and Leyva required Mitchell to remove "retaliation" from
19   the staff complaint against Rodriguez, which resulted from Rodriguez's alleged deprivation of
20   religious property. (Doc. 28 at 2-3.) Mitchell argues that "claim 8 did not come to fruition without
21   claim one." (*Id.*) Rule 20(a) does not permit a plaintiff to join multiple defendants under one
22   complaint unless the claims both arise from the same transaction, occurrence, or series of
23   transactions or occurrences *and* the claims involve common questions of law or fact. Fed. R. Civ.
24   P. 20(a).
25       In light of the Court's finding above, the allegations of claim eight are not sufficiently
26   related to claim one to permit joinder of the claim and additional defendants. Mitchell's
27   allegations in claim eight do not arise from a series of occurrences upon which claim one arises.
28   Accordingly:

1. The findings and recommendations issued by the magistrate judge on September 9, 2022, (Doc. 27), are **ADOPTED IN FULL**.
2. This case shall proceed on Claim One on the First Amendment Free Exercise claim claim against Defendant Rodriguez.
3. Plaintiff's claims against Defendants Stanley and Rodriguez for depriving Plaintiff of his religious property in violation of his Fourteenth Amendment due process rights are **DISMISSED** for failure to state a claim.
4. All other claims are **DISMISSED without prejudice**, as unrelated.
5. The Clerk of Court is directed to reflect the dismissal of all Defendants currently listed on the Court's docket, except T. Rodriguez.
6. This case is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 7, 2022**

UNITED STATES DISTRICT JUDGE