UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br>  v.<br><br>T. RODRIGUEZ,<br><br>    Defendant. | Case No. 1:22-cv-00006-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 38)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

   John Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. This case is proceeding on Plaintiff's First Amendment Free Exercise claim against defendant Rodriguez based on Plaintiff's allegations that defendant Rodriguez deprived Plaintiff of his silver chain and medallion without a legitimate penological purpose. (ECF Nos. 24, 27, & 29).

   On January 26, 2023, defendant Rodriguez filed a motion to dismiss. (ECF No. 38). Defendant Rodriguez moves "to dismiss Plaintiff's claims for damages in his operative amended complaint against Defendant in his official capacity on the grounds that Plaintiff's official-capacity claims for damages are barred under the Eleventh Amendment." (Id. at 2). Additionally, Plaintiff does not seek prospective relief from defendant Rodriguez. (Id. at 3).

   On February 6, 2023, Plaintiff filed his response. (ECF No. 43). Plaintiff agrees with defendant Rodriguez's motion as to the Eleventh Amendment arguments. (Id.). However, Plaintiff "stands on his claim being violated under his individual capacity and as such he should

1

be held liable for violating his civil rights under that authority." (Id. at 1).

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. However, under *Ex Parte Young*, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (citations and internal quotation marks omitted). Additionally, the Eleventh Amendment does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

Given that Plaintiff does not oppose the motion, and that Plaintiff's claim for damages against defendant Rodriguez in his official capacity is barred by the Eleventh Amendment, the Court will recommend that defendant Rodriguez's motion to dismiss be granted.[1]

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Rodriguez's motion to dismiss (ECF No. 38) be GRANTED;
2. Plaintiff's official capacity claim against defendant Rodriguez for damages be dismissed; and
3. This case proceed on Plaintiff's First Amendment Free Exercise claim against defendant Rodriguez in his individual capacity.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

\\\

---

[1] Given this, the Court will not address defendant Rodriguez's other argument as to why the official capacity claim for damages should be dismissed.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 7, 2023**                              /s/ Erica P. Grosjean
                                                                           UNITED STATES MAGISTRATE JUDGE