UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. RODRIGUEZ,<br><br>　　　　Defendant. | Case No. 1:22-cv-00006-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED<br><br>(ECF No. 53)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　John Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　This case is currently proceeding on Plaintiff's First Amendment free exercise claim against defendant Rodriguez. (ECF Nos. 27, 29, & 50). All other claims and defendants were dismissed. (Id.).

　　　　On March 16, 2023, Plaintiff filed a motion for leave to amend, along with a proposed amended complaint. (ECF Nos. 51 & 53). Plaintiff states that he wants to amend his complaint to add a claim against defendant Rodriguez for violating the Fourteenth Amendment by depriving Plaintiff of his religious property without due process. Plaintiff intended to include this claim in his First Amended Complaint, but it was accidently omitted.

　　　　Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also Waldrip, 548 F.3d at 732. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. However, "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878 (9th Cir. 2000) (citation and internal quotation marks omitted).

The Court will recommend that Plaintiff's motion be denied.

Plaintiff asserts that is attempting to add a due process claim based on deprivation of his property that he accidently failed to assert in his First Amended Complaint.[1] However, Plaintiff included this claim in his First Amended Complaint (ECF No. 24, p. 13), the Court screened the claim (ECF Nos. 27 & 29), and the claim was dismissed with prejudice and without further leave to amend (ECF No. 27; ECF No. 29, p. 4) ("Plaintiff's claims against Defendants Stanley and Rodriguez for depriving Plaintiff of his religious property in violation of his Fourteenth Amendment due process rights are **DISMISSED** for failure to state a claim."). Plaintiff provides no explanation as to why the Court should now allow this previously dismissed claim to proceed, and his assertion that he accidently failed to include this

---

[1] The Court notes that Plaintiff also appears to be attempting to change certain factual allegations in his First Amended Complaint, but he does not mention those changes in his motion or provide any explanation as to why he should be allowed to make those changes at this time. (See ECF No. 1, p. 9; ECF No. 24, p. 11, ECF No. 51, p. 6l ECF No. 53).

claim in his First Amended Complaint is not accurate.[2]

As leave to amend is futile, the Court HEREBY RECOMMENDS that Plaintiff's motion for leave to amend (ECF No. 53) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 17, 2023**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] In his First Amended Complaint Plaintiff referred to the claim as being based on an authorized deprivation, while in his motion Plaintiff refers to the claim being based on an unauthorized deprivation. However, despite the change in wording, the Court already addressed this claim.  Moreover, when dismissing this claim, the Court provided Plaintiff with the legal standards, and found that "Plaintiff alleges, at most, an unauthorized intentional deprivation of his property.  As California law provides an adequate post-deprivation remedy, the Court finds that Plaintiff fails to state a claim against defendant Rodriguez for depriving him of his religious property in violation of his Fourteenth Amendment due process rights."  (ECF No. 27, pgs. 13-14; ECF No. 29).  Thus, if Plaintiff is now alleging that the deprivation was unauthorized, Plaintiff did not correct the deficiency identified by the Court and leave to amend is futile.