**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>                Plaintiff,<br><br>        v.<br><br>T. RODRIGUEZ,<br><br>                Defendant. | No. 1:22-cv-00006-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND<br><br>(Docs. 53 & 54) |

John Mitchell is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently proceeding on Plaintiff's First Amendment free exercise claim against Defendant Rodriguez, which alleges Rodriguez deprived Plaintiff of a religious object. (Docs. 25, 27, 29, & 50). All other claims and defendants have been dismissed. (*Id.*)

On March 16, 2023, Plaintiff filed a motion for leave to amend, along with a proposed amended complaint. (Docs. 51 & 53). On March 17, 2023, the assigned magistrate judge entered findings and recommendations, recommending "that Plaintiff's motion for leave to amend (ECF No. 53) be DENIED." (Doc. 54 at 3). The parties were provided an opportunity to file objections to the findings and recommendations. Plaintiff filed his objections on April 3, 2023. (Doc. 58.)

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the magistrate judge

correctly declined to permit further amendment of the complaint. In his objections, Plaintiff argues that he should be permitted leave to amend because he added new facts to his Fourteenth Amendment due process claim—facts he recently remembered and which he believes render his due process claim viable. (*Id.*) As the magistrate judge correctly explained "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (9184). In addition, the Ninth Circuit has found that California's tort claim procedures "provide[] an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95).

Plaintiff points to the following newly-added allegations: Plaintiff allegedly asked Defendant Rodriguez for a receipt for the jewelry taken from him (Doc. 51 at 6); on November 9, 2019, Sergeant D. Stanley, who is not named as a defendant in the proposed amended complaint, provided Plaintiff with a "cell search receipt" even though the jewelry was not taken during a cell search (*id.*); Stanley apparently told Plaintiff that type of receipt was "all I got." (*Id.*) This, Plaintiff asserts in his objections amounts to a "false" receipt for his religious property. (Doc. 58 at 1.) According to Plaintiff, Stanley was the same officer who was delegated authority to oversee the "post deprivation" remedies hearing. Considering the "false" receipt Stanley provided, Plaintiff asserts that the post-deprivation remedy cannot be considered adequate for purposes of the Fourteenth Amendment. (*Id.*) This is not persuasive. California has a multi-layered tort claim procedure that has been declared an adequate remedy for Fourteenth Amendment purposes. *See Centoni*, 31 F.3d 816–17. Plaintiff's new allegations do not demonstrate that California's tort claim remedies were unavailable to him. Because Plaintiff's proposed amended due process claim is futile, leave to amend is inappropriate. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Court **ORDERS**:

    1.     The findings and recommendations issued on March 17, 2023, (Doc. 54), are **ADOPTED IN FULL**.

///

2

2. Plaintiff's motion for leave to amend, (Doc. 53), is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 7, 2023**

_____
UNITED STATES DISTRICT JUDGE